UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS WILLIAMS,

    Plaintiff,

v.

STATE OF MICHIGAN -
DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant.

Case No.
Hon.
Magistrate Judge

---

Marcus Williams
*In Pro Per*
35339 23 Mile Road #611
New Baltimore, MI 48047-9998
Tele: (248) 224-4749
Email: cranbrooke3@yahoo.com

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

**Jurisdiction, Parties, and Venue**

1. Plaintiff is an individual residing in Wayne County, Michigan, within the jurisdiction of this Court.

2. Defendant is a political subdivision of the State of Michigan, organized and existing under the laws of the State of Michigan.

3. At all relevant times Plaintiff was employed by Defendant at Defendant's office located in Wayne County, Michigan, within the jurisdiction of this Court.

4. This action is brought pursuant to the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.

5. This Court has jurisdiction over this action pursuant to federal question jurisdiction.

6. Venue is proper in this Court because the substantial part of the events giving rise to this claim occurred in this judicial district.

7. Plaintiff filed a Charge of Discrimination with the EEOC, being charge number 471-2019-04844, for a violation of the ADA, and alleging retaliation, discrimination, and a continuing action.

8. Plaintiff received a right to sue from the EEOC, and instituted this lawsuit within 90 days of receipt of the right to sue letter. A copy of the right to sue letter is attached as Exhibit A.

9. Declaratory, injunctive and other appropriate relief is sought pursuant to the ADA and Rehabilitation Act.

## General Allegations and Background

10. Plaintiff began his employment with Defendant in or about February of 2015 as a Child Protective Service Investigator.

11. Plaintiff had previously been employed by the State of Michigan since 2000 with the Department of Corrections.

12. At all relevant times Plaintiff has suffered from severe anxiety, post traumatic stress disorder (PTSD) and major depressive disorder (MDD).

13. Due to Plaintiff's disability, Plaintiff required a reasonable accommodation allowing Plaintiff to work in a relatively quiet and calm environment, free from unnecessary distractions.

14. The accommodation was available by either allowing Plaintiff to work mobile (remotely) or, while in Defendant's offices, in a conference room or other room without unnecessary noise and distractions.

15. Other employees of Defendant's in Plaintiff's same position and, upon information and belief, that did not suffer from a disability, were allowed to work mobile (remotely).

16. Plaintiff's requested accommodation would have allowed Plaintiff to perform all the essential functions of his position.

17. Defendant refused Plaintiff's accommodation, and failed and/or refused to engage in the requisite interactive process with Plaintiff in order to provide Plaintiff the requested accommodation.

18. In fact, rather than grant Plaintiff's accommodation, Plaintiff was moved to a nosier, more distracting area of the office.

19. Plaintiff submitted one or more complaints of discrimination, harassment, and a hostile work environment associated with his disability, and Defendant's treatment of Plaintiff.

20. Defendant's actions towards Plaintiff, and its failure to accommodate Plaintiff, impeded Plaintiff's ability to work and exacerbated Plaintiff's disability.

21. As a result, Plaintiff was forced to take a medical leave of absence from approximately August, 2015 until approximately June, 2018.

22. Upon Plaintiff's return to work in or about June, 2018, Plaintiff inquired about the status of his prior complaints, and again reiterated his need for an accommodation.

23. For a while Defendant allowed Plaintiff to work in a conference room, free from the environment which exacerbated Plaintiff's disability.

24. By being allowed to work in the conference room, Plaintiff was able to perform all the essential functions of his position in a satisfactory manner.

25. However, when Plaintiff continued to inquire about the status of his previous complaints, and also reiterated his request to work mobile (remotely) much like other employees in the same position, Defendant retaliated against Plaintiff by refusing to allow Plaintiff to work in the conference room any longer.

26. Defendant engaged in additional retaliation, discrimination, and/or harassment, including but not limited to requiring Plaintiff to sign in to work on a sign in sheet.

27. Other employees in Plaintiff's position were not required to sign in to work in the same manner Defendant required Plaintiff.

28. As a result of Defendant's refusal to accommodate Plaintiff; the harassment and hostile work environment; and the retaliation and discrimination suffered by Plaintiff, Plaintiff sought medical treatment in November of 2018 and was taken off work.

29. Plaintiff was admitted to various facilities, including an in-patient program at New Oakland Family Centers to treat his disability.

30. Defendant was aware of Plaintiff's hospitalization and treatment.

31. However, Defendant treated Plaintiff's absence as "unauthorized", and claimed that it had not received the appropriate or necessary doctor authorization taking Plaintiff off work – which was not true.

32. As a result, Defendant terminated Plaintiff's employment effective December 6, 2018.

## Count I - Violations of the Rehabilitation Act of 1973

33. Plaintiff repeats and re-alleges the above paragraphs as if fully set forth herein.

34. Defendant is a governmental program or activity that receives federal financial assistance.

35. Defendant is covered under the provisions of the Rehabilitation Act.

36. Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act.

37. At all relevant times, Plaintiff was qualified to work for Defendant in one or more available positions, with and/or without reasonable accommodations.

38. Plaintiff suffered an objectively adverse employment action when he was denied a reasonable accommodation, and later terminated.

39. But for Plaintiff's disability, he would not have been harassed, discriminated against and/or retaliated against by Defendant as stated in the preceding paragraphs.

40. As a direct and proximate result of Defendant's violations of the Rehabilitation Act, Plaintiff has incurred all damages available at law, both past, present, and into the future, including but not limited to economic and non-economic losses, including but not limited to lost wages, lost benefits, damages to his professional reputation, emotional distress, humiliation and outrage.

41. In the event the Court deems reinstatement to be a remedy more appropriate than front pay to compensate for either past or future damages, then Plaintiff, in the alternative, hereby seeks an injunctive order compelling Defendant to retroactively

restore Plaintiff's entire seniority and retirement benefits and rights, if any, as well as all benefit rights. Even if the Court orders such reinstatement, Plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages set forth above, including back pay, the value of lost benefits, costs, interest, etc.

## Count II – Violations of the ADA

42. Plaintiff repeats and re-alleges the above paragraphs as if fully incorporated herein.

43. The ADA makes it unlawful for an employer to discriminate against a qualified individual because the individual has a disability, a record of a disability, or because the employer regards the individual as disabled.

44. The ADA makes it unlawful for an employer to retaliate against an individual because the individual has opposed a violation of suspected violation of the ADA.

45. The ADA further requires employers to provide reasonable accommodations to qualified individuals with disabilities to ensure they can perform the essential functions of their job, unless providing the reasonable accommodation would impose an undue hardship on the employer.

46. Reasonable accommodations may include, but are not necessarily limited to, job restructuring.

47. Defendant was also under an obligation to refrain from creating and maintaining a deliberately hostile and intimidating work environment for Plaintiff based upon Plaintiff's disability or exercise of his rights afforded by the ADA.

48. The ADA further requires employers to engage in a meaningful interactive process with employees with regard to potential or available reasonable accommodations.

49. Additionally, the term reasonable accommodation under the ADA may include, in cases such as Plaintiff's, job restructuring or allowing a period of absence to seek necessary medical attention.

50. At all relevant times, Defendant was Plaintiff's employer for purposes of the ADA.

51. At all relevant times, Plaintiff was a qualified individual with a disability, had a record of a disability, or was otherwise regarded as disabled by Defendant, for purposes of the ADA.

52. Defendant was aware of Plaintiff's disability, record of disability, and/or perceived Plaintiff to be disabled.

53. Notwithstanding its obligations under the ADA, Defendant discriminated against Plaintiff and otherwise violated the ADA by:

    A. Failing to provide Plaintiff with one or more reasonable accommodations;

    B. Failing to engage in a meaningful interactive process with Plaintiff to determine how to accommodate Plaintiff's disability;

    C. Causing and allowing a hostile work environment; and

    D. Retaliating against Plaintiff.

54. Consistent with applicable law, Plaintiff seeks appropriate injunctive relief to remedy Defendant's unlawful behavior.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this action.

        Respectfully submitted:

        */s/ Marcus Williams*
        Marcus Williams
        *In Pro Per*
        35339 23 Mile Road #611
        New Baltimore, MI 48047-9998
        Tele: (248) 224-4749
        Email: cranbrooke3@yahoo.com

Dated: November 19, 2020

# EXHIBIT A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Marcus Williams<br>1221 Bowers #422<br>Birmingham, MI 48012 | **From:** Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |

☐ On behalf of person(s) aggrieved whose identity is **CONFIDENTIAL (29 CFR §1601.7(a))**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2019-04844 | Kimberly Nicholson,<br>Investigator | (313) 226-6330 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     8/21/2020
Michelle Eisele,     (Date Mailed)
District Director

Enclosures(s)

cc: Charles Tobey, MSA, SHRM-SCP
Advocate for Employer
MDHHS-Human Resources
235 S. Grand Avenue
Lansing, MI 48933